IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
4:12-CR-0002-FL
4:14-CV-0035-FL

**Waddy Nathan Agnew**,

               Petitioner,

v.                                        **Memorandum & Recommendation**

**United States of America**,

               Respondent.

       Petitioner Waddy Nathan Agnew, proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct the 135-month sentence of imprisonment imposed in connection with his guilty plea to conspiring to distribute and possessing with the intent to distribute 500 grams or more of cocaine and a quantity of cocaine base (crack) ("Motion to Vacate"). D.E. 59. Agnew argues that he should be resentenced because his trial counsel was ineffective for failing to object to his classification as a career offender at sentencing, which he argues was improper because he did not have "two prior felony convictions of either a crime of violence or a controlled substance offense," as required under U.S.S.G. § 4B1.1. The Government responds that Agnew is not entitled to relief because he has two prior qualifying felonies, and therefore was properly classified as a career offender. D.E. 64. In addition, Agnew has filed a Motion to Amend his Motion to Vacate, in which he alleges four additional grounds for to support his ineffective assistance of counsel claims. D.E. 67, 68, 69. The Government responds that Agnew's Motion to Amend should be denied because his claims are futile. D.E. 72.

       For the reasons set forth below, the court will grant Agnew's Motion to Amend. However, after reviewing the docket and the arguments of the parties, it appears that Agnew is

not entitled to the relief he seeks because he has failed to sufficiently demonstrate that his trial counsel was ineffective. Therefore, the undersigned recommends[1] that the court deny Agnew's Motion to Vacate, (D.E. 59), and grant the Government's Motion to Dismiss, (D.E. 63).

## I.    Background

On January 10, 2012, a grand jury charged Agnew in a five-count indictment. D.E. 1. On March 14, 2012, Agnew entered a guilty plea to one count of conspiring to distribute and possessing with the intent to distribute 500 grams or more of cocaine and a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) ("Count I"). Pursuant to a written plea agreement, the Government agreed to dismiss Counts II through V. D.E. 25.

Prior to his sentencing hearing, the United States Probation Office prepared a Presentence Investigative Report ("PSR") that outlined various factors that would inform the court's decision regarding Agnew's sentence. D.E. 28. Among the items in the PSR was a list of Agnew's prior criminal convictions and a statement that Agnew was classified as a career offender under U.S.S.G. § 4b1.1(b). PSR ¶¶ 12, 19, 47, D.E. 28. In June 2012, Agnew filed a sealed memorandum in response to the PSR, in which Agnew challenged a number of the PSR findings, including Agnew's classification as a career offender. D.E. 30. On July 12, 2012, the court held a sentencing hearing and ultimately sentenced Agnew to a 135-month term of imprisonment. D.E. 40.

Agnew appealed his sentence to the Fourth Circuit Court of Appeals, which dismissed in part and affirmed in part. *United States v. Agnew*, 513 F. App'x 360, 361 (4th Cir. 2013). Agnew did not seek a writ of certiorari from the Supreme Court; his time to file a petition for a writ of certiorari expired in June 2013. On March 3, 2014, Agnew filed his Motion to Vacate,

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

(D.E. 59), and the Government responded by filing a Motion to Dismiss on April 15, 2014, (D.E. 63). Agnew filed his reply to the Government's Motion to Dismiss on April 30, 2014. D.E. 66. On July 15, 2014, Agnew filed a Motion to Amend his original Motion to Vacate, (D.E. 67), and on August 7, 2014, Agnew filed an Amended Motion to Vacate, (D.E. 69). The Government filed a Response in Opposition to Agnew's Amended Motion on October 2, 2014. D.E. 72.

## II.    Analysis

### A.    Standard of Review for § 2255 Petition

In order to prevail on his Motion to Vacate, Agnew must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion. 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. *See* Rules Governing Section 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176, 180 (4th Cir. 2009), and, in the context of a § 2255 motion, "the files and records of the case," 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. 556 U.S. at 679. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

### B.     Motion to Amend § 2255 Petition

Agnew seeks to amend his Motion to Vacate to present additional grounds in support of his claim that his attorney was ineffective by failing to object at sentencing to his classification as a career offender. D.E. 68. Agnew's Amended Motion to Vacate provides four additional

4

arguments to supplement the two presented in his Motion to Vacate. All additional issues deal with objections to Agnew's career offender designation which, he argues, should have been raised by his attorney. D.E. 69. As a result, Agnew argues that his amendments relate back to the date of the original filing. D.E. 67 at 1. The Government responds that Agnew's motion to amend should be denied because it raises only futile claims. D.E. 72.

A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," *id.*, the court need not grant a plaintiff leave to amend when "the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks omitted). "Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *Pittman*, 209 F.3d at 317. However, if an amendment is time barred and it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading," Rule 15(c)(2) of the Federal Rules of Civil Procedure provides that the amendment "relates back to the date of the original pleading." *Pittman*, 209 F.3d at 317. Relation back is a narrow concept in federal habeas proceedings, and is allowed "only when the claims added by amendment arise from the same core facts as the timely filed claims." *Mayle v. Felix*, 545 U.S. 644, 657 (2005).

Although Agnew filed his original § 2255 motion in a timely manner, he did not file his Motion to Amend until July 15, 2014, three months after the Government's submission and 13 months after his conviction became final. Therefore, Agnew may only amend his petition if the Government consents to the amendment, which it has not, or he receives leave of court. As noted above, Agnew's Motion to Amend presents four additional arguments in support of his claim that his trial counsel was ineffective for failing to object to his career offender designation. These claims are related to the claims raised in Agnew's original Motion to Vacate because they address the same conduct as Agnew's original claims—his trial counsel's failure to object at sentencing to Agnew's designation as a career offender. In addition, his new claims address the same two prior convictions that were challenged in his original motion.[2] Thus, the additional claims relate back to the the claims advanced in Agnew's § 2255 motion. Therefore, the court grants Agnew's Motion to Amend.

### C.     Ineffective Assistance of Counsel at Sentencing

Agnew claims that his sentence was imposed in violation of the Constitution because his appointed counsel's performance was so inadequate that it violated his right to counsel under the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing.

---

[2] The final claim made by Agnew in his Motion to Amend is that his "entire sentence was grossly miscalculated." D.E. 69 at 7–8. Unlike Agnew's other amended claims, this claim does not specifically address the two predicate offenses used to calculate his career offender status. However, in the interest of justice, this amended claim is allowed because it is not "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

*Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

In *Strickland*, the Supreme Court held that a petitioner must satisfy a two-pronged test to establish a claim of ineffective assistance of counsel. 466 U.S. at 686–87. First, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* at 688. Courts must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

"[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." *United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996). Ineffective assistance claims in the context of noncapital sentencing cases require a showing that the defendant received a greater sentence than he would have, but for counsel's unprofessional errors. *See Glover v. United States*, 531 U.S. 198, 204 (2001). In *Glover*, the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance," and therefore, a claim of ineffective assistance of counsel does not require a showing of a significantly increased sentence as a result of counsel's errors. *Id.*; *see also United States v. Soto*, 10 F. App'x 226, 228 (4th Cir. 2001).[3]

---

[3] *Glover's* holding was explicitly limited to mandatory sentencing systems and may not be applicable after *United States v. Booker*, 543 U.S. 220 (2005), which made the federal sentencing guidelines advisory. *See Glover*, 531 U.S. at 204. However, the Fourth Circuit has not indicated a higher prejudice standard is applicable after *Booker*. *Cf. United States v. Spafford*, No. 1:08-cr-37, 2010 WL 2991034, at *2 (W.D. Va. July 28, 2010) ("In the sentencing context, a prisoner may demonstrate prejudice by showing that he or she received additional prison time at sentencing.") (citing *Glover*, 531 U.S. at 203–04)).

Agnew asserts that his counsel violated his Sixth Amendment rights in five specific ways. Specifically, Agnew contends that his attorney rendered ineffective assistance when he failed to object to the use of three predicate offenses to classify Agnew as a career offender: (1) a 1989 conviction for robbery with a dangerous weapon, (2) a 1989 conviction for assault with a deadly weapon, and (3) a 2007 conviction for possession with intent to sell and deliver cocaine. PSR ¶¶ 13–14, 17, D.E. 28. Agnew asserts four separate arguments in support of these claims. In addition, Agnew asserts that his entire sentence was "grossly miscalculated." D.E. 69 at 7–8. The Government seeks dismissal of Agnew's Motion because the 1989 and 2007 convictions were properly considered predicate offenses and Agnew has failed to substantiate his ineffective assistance of counsel claim. D.E. 64, 72. The court will address each argument below.

### 1. Failure to Object to the 1989 Convictions as Predicate Offenses

Agnew presents two arguments regarding the use of his 1989 convictions as predicate offenses to his career offender status. First, Agnew argues that his counsel was ineffective for failing to object to the use of two 1989 convictions as predicate offenses for his career offender status: a 1989 conviction for robbery with a dangerous weapon, PSR ¶ 13, D.E. 28, and a 1989 conviction for assault with a deadly weapon serious injury, PSR ¶ 14, D.E. 28. Agnew maintains that because he was sentenced to a single sentence of 14 years imprisonment for both offenses, the two offenses cannot be considered separately for purposes of determining career offender status. D.E. 59-1 at 13–15. The Government responds that Agnew's claim should be dismissed because only the 1989 robbery conviction and the 2007 possession with intent to distribute conviction were used to determine Agnew's career offender status. D.E. 64 at 5. A review of the record demonstrates that both 1989 convictions were not used to calculate Agnew's career

offender status, and therefore Agnew's attorney was not ineffective for failing to raise an objection on these grounds.

The career offender provision, governed by U.S.S.G. § 4B1.1 (2011),[4] states:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In order to qualify as predicate offenses, the "two prior felony convictions" must be counted separately. § 4B1.2(c). When a defendant has multiple related convictions, § 4A1.2(a)(2) provides as follows:

Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

The Government correctly observes that both 1989 offenses were not used in calculating Agnew's career offender status. Instead, the PSR indicates that only the 1989 conviction for robbery with a dangerous weapon and the 2007 conviction for possession with intent to distribute cocaine were included in determining Agnew's career offender status. PSR ¶ 47, D.E. 28. The addendum to the PSR reiterates this point, citing only these two charges to justify a challenge to Agnew's career offender status. PSR Add. ¶ 1, D.E. 28. As the PSR clearly indicates that both 1989 convictions were not included in the career offender calculation, Agnew's attorney was not

---

[4] This Recommendation relies on the 2011 edition of the U.S. Sentencing Commission Guidelines Manual because the 2011 edition was used to prepare Agnew's PSR. PSR at 11, D.E. 28.

ineffective for failing to object on the grounds that the two 1989 convictions cannot be counted separately for purposes of career offender classification.

Despite statements in the PSR that indicate the contrary, Agnew argues that his career offender status was predicated on both 1989 convictions because the Government stated at sentencing that "there was an intervening arrest" in between the two 1989 convictions, which would "qualify [Agnew] as a career offender even if [the 2007 conviction] were taken out." Sentencing Tr. at 6, D.E. 53. This statement was made in response to an objection raised by Agnew as to whether his 2007 conviction was properly considered as a predicate offense. As indicated by Agnew, this statement was made in error. The PSR indicates that the offenses for both convictions occurred on May 27, 1989, and that Agnew was arrested on May 28, 1989, for the robbery charge and on July 31, 1989, for the assault charge. PSR ¶¶ 13–14, D.E. 28. Because the offense charged in the second conviction occurred before the arrest for the second conviction, there was no intervening arrest between the two offenses as required under § 4A1.2(a)(2). In addition, the PSR indicates that the sentences for both offenses were imposed on September 19, 1989. PSR ¶¶ 13–14, D.E. 28. Thus, the Government's statement at sentencing that the two offenses could be counted separately was incorrect.

However, this misstatement is irrelevant to Agnew's claim because, at sentencing, the court overruled Agnew's objection and determined that Agnew was properly classified as a career offender. Sentencing Tr. at 11:5–7, D.E. 53. Moreover, for the reasons discussed below, Agnew's 2007 conviction for possession with intent to distribute was properly included as a predicate offense. Thus, Agnew was eligible for career offender status regardless of whether the 1989 convictions were counted separately or as a single offense, and Agnew's attorney was not ineffective for failing to object on these grounds.

Agnew next argues that his trial counsel was ineffective for failing to object to his 1989 convictions being used as predicate offenses because they were time barred. D.E. 69 at 6. Specifically, Agnew argues that only convictions entered within 15 years of the commission of the offense under consideration can qualify as predicate offenses. He maintains that his 1989 convictions are time barred because he was sentenced for both on September 27, 1989, and "the first overt criminal act" in his current conviction occurred more than 15 years later in June 2010. D.E. 69 at 6. The Government responds that a predicate offense includes any conviction for which the defendant served a sentence within 15 years of the commission of his current offense. D.E. 72 at 4–5. Thus, it correctly contends that Agnew's 1989 convictions are not time barred because he was not released until December 21, 1994, and the indictment for his current conviction states that his criminal conduct began in September 2009, a time frame of less than 15 years. D.E. 72 at 4–5. A review of the record indicates that Agnew's 1989 convictions fell within the 15-year period established by the Sentencing Guidelines. Therefore, Agnew's attorney was not ineffective for failing to raise an objection on these grounds.

In his motion, Agnew misstates the applicable time period for predicate offenses, which is controlled by U.S.S.G. § 4A1.2(e)(1), and states as follows:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instance offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

The Sentencing Guidelines further provide that for purposes of determining the date of the "commencement of the instance offense," the court should consider "any relevant conduct," § 4A1.2, cmt. n.8, which includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," and, in the case of a

conspiracy, "all reasonably foreseeable acts and omissions of others in furtherance of the [conspiracy] . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense," § 1B1.3(a)(1). In addition, "relevant conduct" is not limited to the allegations in the Indictment, but "includes activities that occurred before the date identified by the indictment as the starting date of the offense." *United States v. Kennedy*, 32 F.3d 876, 890 (4th Cir. 1994).

Agnew also misstates the date on which the conduct relevant to his current conviction began. The PSR indicates that Agnew was convicted of the 1989 robbery and assault charges on September 19, 1989. PSR ¶¶ 13–14, D.E. 28. He was given a 14-year sentence of imprisonment and was released on December 21, 1994. PSR ¶¶ 13–14, D.E. 28. Count One of the current indictment, to which Agnew pled guilty, charges Agnew with conduct beginning at "a date unknown to the Grand Jury, but no later than in or about September 2009." D.E. 1 at 1. Thus, Agnew's assertion that his conduct began in June 2010 is incorrect, even if based solely on the indictment. However, as stated above, the court was also allowed to consider pre-indictment conduct in evaluating when the "commencement of the offense" began. Thus, the court could have found that his criminal conduct began even before the date charged in the indictment.

Even based on the most conservative estimate of date of commencement for the current offense, Agnew's 1989 convictions were not time barred. Although Agnew correctly states that his 1989 convictions were entered more than 15 years prior to commencement of the current offense, this calculation does not consider when he was incarcerated for these convictions. Agnew was incarcerated for the 1989 convictions until December 1994, which is within 15 years of September 2009—the date charged in the indictment. Pursuant to § 4A1.2(e)(1), a period of incarceration, regardless of the date of conviction, makes an offense eligible for career offender

status.  Therefore, the 1989 convictions were not time barred, and Agnew's attorney was not ineffective for failing to object on these grounds.

### 2. Failure to Object to the 2007 Conviction as a Predicate Offense

Agnew presents two arguments regarding the use of his 2007 conviction for possession with intent to sell and deliver cocaine.  PSR ¶ 17, D.E. 28.  First, Agnew argues that his attorney rendered ineffective assistance by not objecting to the use of his 2007 conviction as a predicate offense because Agnew's guilt as to this offense was established by an *Alford* plea.[5]  Agnew contends that his *Alford* plea renders his 2007 conviction unsuitable for purposes of career offender status because Agnew did not plead specific facts regarding the quantity of cocaine in his possession, and therefore could have been guilty of committing a less serious offense that would not qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  D.E. 59-1 at 15–19.[6]  The Government responds that an *Alford* plea is only relevant if the court imposes a sentencing enhancement based on the Government's version of the facts, that Agnew acknowledged in his plea agreement that he would be "treated as guilty," and thereafter was actually sentenced to more than 12 months of imprisonment.  D.E. 64 at 5–6; D.E. 72 at 4.  A review of the record indicates that Agnew's attorney objected to the use of his 2007 conviction as a predicate offense and, moreover, his *Alford* plea was properly considered a controlled substance offense.  Thus, Agnew's attorney did not render ineffective assistance.

---

[5] Under *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), a defendant may enter a plea of not guilty without admitting culpability for the charged conduct.

[6] In addition, Agnew raises the following argument in his Amended Motion to Vacate: "The predicate drug offense can't be used for career or other enhancement as under either categorical or modified categorical approach where there is no legal finding of guilt or validity regarding plea or underlying criminal conduct."  D.E. 69 at 5–6.  Because this argument is nearly identical to the *Alford* plea argument raised in his original Motion to Vacate, the court will consider them together.

Under the career offender provision, a "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The Guidelines further provide that this definition encompasses "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2 cmt. n.1. In addition, a "prior felony conviction" under § 4B1.1(a) is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed," § 4B1.2 cmt. n.1, and includes "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*," § 4A1.2(a)(1). *See also United States v. Simmons,* 649 F.3d 237, 243 (4th Cir. 2011) (holding that in order for a prior felony conviction to serve as a predicate offense (for either a crime of violence or a controlled substance offense), the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year).

Contrary to Agnew's assertions, the record reflects that his attorney objected three times to the use of his 2007 conviction as a predicate offense. First, the addendum to Agnew's PSR indicates that his attorney objected to Agnew's classification as a career offender based on his 2007 conviction, and that, as a result, the Probation Office reiterated the grounds for Agnew's classification in the PSR. PSR Add. ¶ 1, D.E. 28. Second, Agnew's attorney objected to the use of the 2007 conviction in his Sentencing Memorandum, arguing that an *Alford* plea does not meet the definition of "prior felony conviction" under § 4B1.1(a). D.E. 30 at 7–9. Finally, Agnew's attorney objected to the use of his 2007 conviction at the sentencing hearing, arguing

that his *Alford* plea lacked the factual basis to prove that it was a "prior felony conviction" because Agnew only gave an *Alford* plea based on the fact that his earlier sentence had been vacated and the *Alford* plea allowed him to be resentenced to time served. Sentencing Tr. at 4:3–5:18, D.E. 53. The court overruled Agnew's objections and found that Agnew was properly classified as a career offender. Sentencing Tr. at 11:5–7, D.E. 53. Because Agnew's attorney objected three times to the use of Agnew's 2007 conviction, he did not render ineffective assistance. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (that counsel's objections were unsuccessful does not constitute ineffective assistance of counsel); *Soler-Correa v. United States*, Nos. 7:09-cr-74-FL-4, 7:11-cr-237-FL, 2013 WL 4761532, at *9 (E.D.N.C. Sep. 4, 2013) (counsel's unsuccessful objections at sentencing reflects the evidence before the court, not deficient performance by counsel).

Moreover, the court properly overruled Agnew's objections. Agnew attempts to support his argument by directing the court to *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), and *United States v. Cruz*, 469 F. App'x 161 (4th Cir. 2012). In *Alston*, the Fourth Circuit concluded that the sentencing court improperly relied on the Government's proffer to determine that the defendant's *Alford* plea to a prior conviction of second-degree assault qualified as a "violent felony" under the Armed Career Criminal Act ("ACCA"). *Id.* at 226–28. In so holding, the Fourth Circuit relied on *Shepard v. United States*, 544 U.S. 13, 25 (2005), in which the Supreme Court held that a sentencing court cannot assess "whether a prior conviction counts as an ACCA predicate conviction by relying on facts neither inherent in the conviction nor admitted by the defendant." *Alston*, 611 F.3d at 226. The Fourth Circuit held that because a second-degree assault conviction is not inherently a "crime of violence," facts must be established to show that such an assault was, in fact, violent. *Id.* at 227. Because Alston entered an *Alford* plea, these

facts were established only by proffer of the Government, which is an impermissible basis for classifying a prior conviction under *Shepard*. *Id.* at 227–28. As a result, Alston's sentence was reversed. *Id.* at 228.

Similarly, in *Cruz*, the Fourth Circuit held that the district court improperly sentenced the defendant when it concluded that his prior conviction for second-degree assault was a "crime of violence" and applied a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). 469 F. App'x at 162, 168. Relying on *Alston*, the Fourth Circuit held that the defendant's prior conviction for second-degree assault was not inherently a "crime of violence," because the statute under which he was convicted "proscribe[d] even the 'slightest touching,'" and therefore, the sentencing court was required to find a factual basis for determining that it qualified as such. *Id.* at 165–68. However, the defendant entered an *Alford* plea, and thus, the sentencing court was foreclosed from relying on the charging documents or on the Government's proffer under *Shepard*. *Id.* at 166–67. The Fourth Circuit held that "[w]ith no *Shepard*-approved documents to illuminate the basis for [the defendant's] conviction, we must assume that it rested on the least serious of the acts encompassed by [the] assault statute." *Id.* at 167.

Agnew's case is distinguishable from *Alston* and *Cruz*, because, unlike the defendants in *Alston* and *Cruz*, he does not argue that his conviction under N.C. Gen. Stat. § 90-95 for possession with the intent to distribute cocaine is not inherently a "controlled substance offense" under U.S.S.G. § 4B1.2(b). Instead, Agnew argues that although the *type* of offense for which he was convicted may be classified as a controlled substance offense, his *Alford* plea means that he was not found guilty of possessing a specific amount of cocaine, and thus he could have been convicted of an offense warranting less than 12 months of incarceration. However, as previously stated, the standard is not whether Agnew could have received a lesser sentence, but whether the

offense for which he was convicted was "punishable by imprisonment for a term exceeding one year." § 4B1.2(b). Even without a factual basis to determine the amount of cocaine for which Agnew was convicted, his sentence of 11 to 14 months demonstrates that his conviction was one warranting a sentence of up to 14 months imprisonment.[7] In addition, the plea agreement signed by Agnew states that the "total maximum punishment" for this offense was 30 months. D.E. 68-1 at 3. Thus, *Alston* and *Cruz* are distinguishable from the present case.

Instead, this case is similar to *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012). In *Mouzone*, the Fourth Circuit held that the district court did not err in finding the defendant's prior *Alford* plea conviction to be a predicate offense under the ACCA. *Id.* at 221. The court distinguished *Alston*, stating that it "does not categorically prohibit the use of a conviction obtained from an *Alford* plea as a predicate offense for a statutory enhancement," and is irrelevant in cases where the only fact that matters is the fact of a prior conviction. *Id.* The court stated as follows:

> Here, the district court relied simply on the fact of conviction, not on the prosecutor's version of facts from the plea colloquy, to determine that [the defendant's drug] conviction qualified as a predicate offense. And because [the defendant's] plea involved a drug offense that was punishable by imprisonment for more than one year, it qualified as a predicate under 21 U.S.C. § 841(b)(1)(A). The conviction itself satisfied the requirement for a predicate offense, so there was no need to consider the underlying facts. For this reason, *Alston* has no bearing on this case.

*Mouzone*, 687 F.3d at 221. *See also United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012) ("The issue before us . . . does not require that we determine the factual basis of [the defendant's] prior conviction. Here, it is the conviction itself that is relevant to our determination whether the

---

[7] Agnew states otherwise in his Amended Motion to Vacate, citing *United States v. Ohangbon*, 471 F. App'x 245 (4th Cir. 2012), in support of his argument. However, *Ohangbon* is distinguishable from the present case because although the defendant in *Ohangbon* was convicted under N.C. Gen. Stat. §§ 90-95(b)(2), 90-94(1), he faced a maximum sentence of only ten months. *Ohangbon*, 471 F. App'x at 246.

sentence imposed after [the defendant's] *Alford* plea qualified as a 'sentence previously imposed *upon adjudication of guilt*.'"); *United States v. Covington*, 583 F. App'x 263, 264 (4th Cir. 2014) ("Prior to his instant offenses, [the defendant] sustained felony convictions for a crime of violence and a controlled substance offense, thus qualifying him as a career offender. The fact that one of those convictions may have been predicated on an *Alford* plea is of no consequence." (citation omitted)).

Agnew's conviction under N.C. Gen. Stat. § 90-95 for possession with the intent to sell and deliver cocaine was a controlled substance offense and carried with it a maximum term of imprisonment for more than one year. Thus, he was properly classified as a career offender, and his counsel did not render ineffective assistance by unsuccessfully challenging this classification.

Agnew also argues that his attorney rendered ineffective assistance by not objecting to the 2007 conviction being used as a predicate offense because his *Alford* plea was obtained in violation of the Due Process Clause of the United States Constitution. D.E. 69 at 3–4. Specifically, Agnew asserts the following: He originally pled guilty to possession with the intent to sell or deliver cocaine on March 9, 2005, and received a sentence of 70 to 84 months imprisonment. PSR ¶ 17, D.E. 28. His conviction was later reversed on the grounds that his guilty plea was coerced and there was "no significant evidence of guilt." D.E. 69 at 3–4. He was released on June 8, 2007, and entered an *Alford* plea to "avoid any further illegal incarceration." D.E. 69 at 4. As a result, he was resentenced to 11 to 14 months imprisonment on August 6, 2007, and credited for time served. PSR ¶ 17, D.E. 28. Agnew argues that his *Alford* plea was invalid, therefore, because it was "made to avoid any further illegal incarceration," and his plea agreement demonstrates that he did not understand the consequences of entering his plea (namely, that it would be treated as an admission of "guilt"). D.E. 69 at 4.

The Government responds that Agnew's 2007 conviction was properly considered a predicate offense because Agnew pled guilty to the charge even after his original sentence was vacated and indicated on the plea agreement that he understood the consequences of his plea. D.E. 72 at 4. A review of the record indicates that Agnew's 2007 conviction was not unconstitutionally obtained because his plea transcript demonstrates that he understood the consequences of his plea. As a result, his attorney was not ineffective for failing to object on these grounds.

Agnew attempts to support his argument by directing the court to *Boykin v. Alabama*, 395 U.S. 238 (1969). In *Boykin*, the United States Supreme Court held that "[i]t was error . . . for the trial judge to accept [the defendant's] guilty plea without an affirmative showing that it was intelligent and voluntary," when the trial court accepted a defendant's guilty plea without a single inquiry into its voluntariness or the defendant's understanding of the plea. *Id.* at 242.

That is not the case here. Instead, the plea transcript demonstrates that Agnew both understood the consequences of his plea and entered it voluntarily. Among other things, Agnew answered "yes" to the following questions: "Do you understand that you are pleading guilty to the charges shown on Page Two of the transcript?" "Do you understand that, upon your '*Alford* guilty plea,' you will be treated as being guilty whether or not you admit that you are in fact guilty?" and "Do you enter this plea of your own free will, fully understanding what you are doing?" D.E. 68-1 at 1–2. The same document later states: "Defendant will plead guilty to PWITD cocaine in lieu of the original charge." D.E. 68-1 at 3. Although Agnew argues that he "answered no when asked whether he knew that he would be treated as guilty whether or not he admitted that he was guilty," D.E. 69 at 3 (emphasis omitted), he appears to be referring to his erroneous response to question 13(b), which applies only in the case of a no contest plea, D.E. 68-1 at 1. Because Agnew entered an *Alford* plea, this question is inapplicable to his plea.

Agnew fails to demonstrate how his plea was coerced or otherwise obtained in violation of the Due Process Clause of the United States Constitution. Given this lack of evidence, Agnew's attorney did not render ineffective assistance for failing to object on these grounds.

### 3. "Gross Miscalculation" of Agnew's Sentence

Agnew also argues that his entire sentence was "grossly miscalculated" because he was improperly labeled a career offender and he should not have been awarded criminal history points for his 2007 "void narcotics conviction." D.E. 69 at 8. The Government responds that this claim fails for the same reasons previously identified and because Agnew failed to allege how his attorney was otherwise deficient with respect to his sentencing. D.E. 72 at 5. It maintains that Agnew was properly labeled a career offender and that his 2007 conviction was not unconstitutionally void pretermits discussion of this issue. In the absence of additional specific allegations of his counsel's alleged deficiencies, Agnew's argument must fail.

Moreover, it bears noting that Agnew's sentence of 135 months was below both the statutorily prescribed 40-year maximum penalty for the offense and the adjusted guideline range of 188 to 235 months. PSR ¶¶ 51–52. Section 2255(a) recognizes that a § 2255 motion provides relief for sentences that exceed the maximum authorized by law. 28 U.S.C. § 2255(a). However, it is generally recognized that errors in the application of the United States Sentencing Guidelines cannot be raised in a subsequent § 2255 motion since they do not constitute a miscarriage of justice absent a sentence exceeding the statutory maximum. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (holding that claims of guideline application are not cognizable under § 2255 because they fall short of a miscarriage of justice). Thus, a petitioner such as Agnew who has been sentenced within the statutory maximum may not seek relief under § 2255. *See Jones v.*

*United States*, Nos. 2:05–cr–00029–FL, 2:12–cv–00018–FL, 2012 WL 6738522, at *3 (Dec. 31, 2012) ("[B]ecause petitioner did not receive a sentence in excess of the statutory maximum, he would not be entitled to relief under § 2255."); *see also Jones v. United States*, Nos. 4:09–cr–81–BO, 4:12–cv–94–BO, 2012 WL 4432675, at *1–2 (E.D.N.C. Sept. 24, 2012) (citing *United States v. Powell*, 691 F.3d 554, 563 (4th Cir. 2012) (King, J., dissenting)); *Farmer v. United States*, Nos. 5:02–cr–131–BO, 5:11–cv–642–BO, 2012 WL 5835524, at *2 (E.D.N.C. Nov. 16, 2012); *Dailey v. United Sates*, Nos. 7:06–cr–36–BO, 7:12–cv–224–BO, 2012 WL 5471156, at *2 (E.D.N.C. Nov. 9, 2012); *Jackson v. United States*, Nos. 3:04–cr–162–FDW–2, 3:11–cv–673–FDW, 2012 WL 5379057, at *3 (W.D.N.C. Oct. 31, 2012).

In sum, Agnew has failed to state a cognizable claim warranting relief and his claims should be dismissed.

## III.    Conclusion

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Vacate, (D.E. 59), and Amended Motion to Vacate, (D.E. 68), be denied and that the Government's Motion to Dismiss, (D.E. 63) be granted.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Agnew. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If Agnew does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: September 2, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge